United States Court of Appeals,

Fifth Circuit.

No. 93-4009

Summary Calendar.

Janusz Romuald MOLENDA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Aug. 20, 1993.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before JOLLY, DUHÉ, EMILIO M. GARZA, Circuit Judges.

DUHÉ, Circuit Judge:

Janusz Romuald Molenda appeals his deportability and the denial of his application for relief

from deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. §

1182(c). The Board of Immigration Appeals (Board or BIA) affirmed the order of the immigration

judge (IJ) finding petitioner deportable and denying his application for relief. We affirm.

*Background*

Janusz R. Molenda is a 27 year old native and citizen of Poland. He emigrated with his family

to the United States when he was eight years old. In 1986, Molenda was convicted of criminal

damage to property, burglary, residential burglary, attempted residential burglary and theft. In 1989,

as a result of these convictions, he was found deportable, but granted a waiver of deportation under

section 212(c).[1]

Less than two months later, Molenda was arrested for trying to have someone murdered. In

June 1990, he plead guilty to soliciting a crime of violence in violation of 18 U.S.C. § 373. As a

result of this conviction, the INS instituted deportation proceedings under section 241(a)(2)(A)(ii).

At the deportation hearing, Molenda denied deportability arguing that the prior criminal

---

[1]Molenda was found deportable as an alien who, after entering the United States, had committed two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. *See* § 241(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1251(a)(2)(A)(ii).

convictions for which he was previously granted section 212(c) relief could not be combined with his new offense to establish deportability in this case. The IJ rejected this argument and found Molenda deportable as charged.

Molenda then testified in support of his application for section 212(c) relief. He attributed his prior criminal conduct to his drug addiction stating that the burglaries were committed in an attempt to support his $90-$160 per day cocaine and alcohol habit. Molenda also testified that he paid $2,500 to have a man murdered because he owed the man $22,000 to $33,000 for drugs, and was desperate to avoid the debt.

Molenda contends that he has reformed his life. He has spent over 500 hours in drug counseling, and is a few credit hours away from earning his associates degree. He has worked at reestablishing his relationship with his ex-wife and two sons. He is gainfully employed and is currently obeying the terms of his probation.

Molenda's brother, ex-wife, and ex-mother-in-law testified on his behalf that he has reformed since he entered prison and quit using drugs. Mr. Molenda was also designated as a kidney donor for his ailing father who has subsequently passed away.

The IJ, after consideration of the petitioner's favorable and adverse factors denied relief under section 212(c). Initially, the IJ determined that because of the seriousness of Molenda's crimes, he needed to establish unusual or outstanding equities. The judge then found that he had established an unusual equity, i.e. his willingness to donate a kidney to his father. Nevertheless, the judge concluded that the adverse factors were so serious that, even though Molenda had established unusual and outstanding equities, relief under section 212(c) was not warranted. The IJ also noted that Molenda had once received section 212(c) relief and after receiving this second opportunity, he should have strictly abided by the laws of this country.

On appeal, the BIA rejected Molenda's contention that, pursuant to 8 C.F.R. § 212.3(d) (1993), the INS was precluded from using petitioner's prior criminal convictions for which he was previously granted 212(c) relief to establish his deportability in this case. Relying on *Matter of*

*Balderas,*[2] the Board held that a grant of 212(c) relief does not expunge the criminal convictions from the alien's immigration record. Additionally, the Board stated that regulation 212.3(d) "assures that only grounds of excludability or deportability specifically disclosed and described in an application for that relief are waived ... It does not preclude reliance on previous grounds of deportability when additional grounds of deportability arise from a subsequently compounded criminal record."

The Board also upheld the IJ's denial of section 212(c) relief for the reasons stated by the IJ. Additionally, the Board stated that Molenda's conviction after having once been granted 212(c) relief "evidence[d] a lack of rehabilitation."

*Discussion*

Molenda raises two issues on appeal. First, he contends that his prior relief under section 212(c) expunged his prior convictions. Secondly, Molenda contends that the Board abused its discretion when it denied his request for section 212(c) relief.

*I. Standard of Review.* "This court must affirm the decision of the BIA if it has made no error in law and if reasonable, substantial, and probative evidence on the record considered as a whole supports its factual findings." *Howard v. INS,* 930 F.2d 432, 434 (5th Cir.1991); *see* section 106(a)(4) of the INA, 8 U.S.C. § 1105a(a)(4). Furthermore, in construing administrative regulations, the Board's interpretation must be accepted unless it is "plainly inconsistent with the wording of the regulations." *United States v. Larionoff,* 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977); *Stinson v. United States,* --- U.S. ----, ----, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993).

Our review of the Board's denial of a section 212(c) waiver is even more limited. Section 212(c) makes a waiver of excludability (hence, deportation) available "in the discretion of the Attorney General." Because section 212(c) does not provide for standards governing how the Board's discretion should be exercised, the Attorney General has unusually broad discretion in granting and denying waivers. *Ashby v. INS,* 961 F.2d 555, 557 (5th Cir.1992). We limit our review to whether denial of a waiver was "arbitrary, irrational, or contrary to law." *Diaz-Resendez v. INS,* 960 F.2d 493, 495 (5th Cir.1992). Additionally, our review is "exceedingly narrow" and "severely

_____

[2]Interim Decision 3159 (BIA 1991).

limited." *Ashby v. INS,* 961 F.2d at 557.

     *II. "New Grounds" for Deportability.*  Molenda submits that he is not deportable because "new grounds" for deportability have not risen as required under 8 C.F.R. § 212.3(d).  The INS charged him with deportability by cumulating his most recent conviction with convictions previously used in deportation proceedings in which section 212(c) relief was granted.  He contends that these previous convictions were "forgiven" because section 212(c) relief was granted.  Therefore, he argues that these previous convictions may not be cumulated with his most recent conviction for purposes of deportability under section 241(a)(2)(A)(ii) of the INA which requires that at least two crimes involving moral turpitude have been committed.

     In addition, he contends that the BIA's ruling in *Matter of Balderas*[3] is invalid.  In *Balderas,* the BIA held that

> a conviction which has once been relied upon in a charge of deportability may be alleged as one of the "two crimes involving moral turpitude" in a second proceeding, even though the first proceeding was terminated by a grant of relief under Section 212(c) of the Act, where the second crime is a subsequent conviction or a conviction that was not disclosed in the prior proceeding.

*Balderas* at 6-7.  The BIA relied on 8 C.F.R. § 212.3 in its decision.  Section 212.3 has subsequently been amended, and Molenda contends that the amendment effectively invalidates *Balderas.*  At the time of *Balderas,* 8 C.F.R. § 212.3(b) provided:

> An application may, in the discretion of the district director, be approved.  Once granted, the approval is valid indefinitely;  however, the approval covers only the specific grounds of excludability or deportability described in the application;  an applicant who failed to describe any such ground(s) or material facts existing at the time of approval remains excludable or deportable therefor.  If the applicant subsequently becomes excludable or deportable on *other* grounds, a new application must be filed with the appropriate district director.  (emphasis added)

     In 1991, section 212.3 was revised to reflect the changes made by the Immigration Act of 1990.  In the process, what was 8 C.F.R. § 212.3(b) became 8 C.F.R. § 212.3(d), and was changed to read as follows:

> Once an application is approved, that approval is valid indefinitely.  However, the approval covers only those specific grounds of excludability or deportability that were described in the application.  An application (sic) who failed to describe any other grounds of excludability or

---

[3]Interim Dec. 3159 (BIA 1991).

deportability, or failed to disclose material facts existing at the time of the approval of the application, remains excludable or deportable under the previously unidentified grounds. If at a later date, the applicant becomes subject to exclusion or deportation based upon these previously unidentified grounds or upon *new* ground(s), a new application must be filed with the appropriate district director. (emphasis added)

Molenda contends that the amendment restricts the INS from bringing a charge which is partially based on conduct which was the subject of an earlier section 212(c) grant of relief. He argues that by cumulating his most recent conviction with prior "forgiven" convictions, the INS has failed to show "*new* grounds" for deportation. We disagree.

*Balderas* held that when section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself. *Balderas* at 3-4. The grant of a section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself. Therefore, the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes. *Id.*

We believe that the amendment of 8 C.F.R. § 212.3 does not undercut the holding in *Balderas.* Nothing suggests that the change from the word "other" to "new" had any significance in the context here used. The explanatory comments to this regulation do not indicate that the drafters of the regulation intended to overrule the *Balderas* decision. In fact, the language of the regulation very closely tracks the language of the decision. In *Balderas,* the Board stated

the regulations make it clear that the grant of relief is specific to the grounds stated at the time of the grant of relief. Thus, section 212(c) relief remains valid indefinitely, unless *new* circumstances or previously undisclosed facts come to light which give rise to a new basis of excludability or deportability.

*Id.* at 6; *see* 8 C.F.R. § 212.3(d). We conclude that the Board's decision in *Matter of Balderas* is consistent with the regulations, and Molenda's argument is without merit.

*III. Denial of Section 212(c) Relief.* Molenda contends that he is entitled to section 212(c) relief based on the extensive favorable evidence presented to the IJ. Section 212(c) provides for discretionary relief from deportation for a permanent resident alien who has been lawfully domiciled in the United States for more than seven years. 8 U.S.C. § 1182(c); *Diaz-Resendez v. INS,* 960 F.2d 493, 494 n. 1 (5th Cir.1992). When deciding whether to grant section 212(c) relief, the IJ "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social

and humane considerations presented in his behalf." *Matter of Marin,* 16 I & N Dec. 581, 584 (BIA 1978).[4] In addition to satisfying the criteria under *Marin,* Molenda was also required to demonstrate that his equities were of an unusual or outstanding nature to countervail the seriousness of his criminal offense. *Matter of Buscemi,* 19 I & N Dec. 628 (BIA 1988). However, the fact that an alien demonstrates unusual or outstanding equities does not compel a favorable exercise of discretion. *Id.*

Molenda contends that unusual or outstanding equities clearly exist in this case, yet the IJ failed to recognize and properly evaluate the strength of these equities. He argues that the IJ did not give all the positive factors due weight in the balancing process.

While finding that Molenda had established outstanding equities, the Board, adopting the reasons cited by the IJ, concluded that these equities did not outweigh the negative factors, and denied the requested relief.

Based on our review of the record, we find that the IJ and the Board considered and weighed all the favorable factors Molenda presented, but found that they did not overcome the serious adverse factors present in this case, particularly Molenda's solicitation of the crime of murder. Additionally, this Court can not properly reweigh the factors presented to the IJ giving more weight to Molenda's equities than did the IJ and the Board by applying what approximates *de novo* appellate review. *INS v. Rios-Pineda,* 471 U.S. 444, 452, 105 S.Ct. 2098, 2103, 85 L.Ed.2d 452 (1985). Accordingly, while the Court is sympathetic to Mr. Molenda's situation and commends him on his rehabilitative efforts, we find that the Board did not abuse its discretion in denying his request for section 212(c)

---

[4]In *Matter of Marin,* the Board listed the following relevant factors: *Adverse Factors Include:* (a) the nature and underlying circumstances of the exclusion ground at issue; (b) the presence of additional significant violations of this country's immigration laws; (c) the existence of a criminal record and, if so, its nature, recency, and seriousness; and (d) the presence of other evidence indicative of an alien's bad character or undesirability as a permanent resident of this country.

*Favorable Factors Include:* (a) the existence of substantial family ties within the United States; (b) residence of long duration in this country (particularly when the inception of residence occurred while the appellant was of young age); (c) evidence of hardship to the appellant and his family if deported; (d) service in the Armed Forces; (e) history of employment; (f) the existence of property or business ties; (g) evidence of value and service to the community; (h) rehabilitation, if a criminal conviction is at issue; and (i) other evidence of good moral character. Additionally, the alien bears the burden of demonstrating that his application warrants favorable consideration. *Marin,* 16 I & N Dec. at 582-83.

relief.

For the foregoing reasons, the decision of the Board is AFFIRMED.