United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-60533
Summary Calendar

———

DAVID FERNANDO GALVEZ-COLINDRES,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 283 598
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Fernando Galvez-Colindres, a citizen and native of Guatemala, petitions this court

for review of the Board of Immigration Appeal's (BIA) order affirming the immigration judge's

(IJ) order finding him subject to removal and denying his request for withholding of removal.

When, as here, the BIA adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS,

115 F.3d 299, 302 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Galvez-Colindres argues the BIA erred in upholding his removal because the cancellation of his prior removal order waived his prior convictions and that his current conviction for simple possession of less than 30 grams of marijuana did not satisfy the requirements for removal under 8 U.S.C. § 1227(a)(2)(B)(i).  This court reviews the BIA's rulings of law de novo.  Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).  In Molenda v. INS, 998 F.2d 291, 294 (5th Cir. 1993),the court held that the grant of relief from deportation "merely waives the finding of deportability rather than the basis for deportability itself.  Therefore the crimes alleged for deportability do not disappear from the alien's record for immigration purposes."  Galvez-Colindres's petition for review based on this issue is denied.

Galvez-Colindres raises two issues in his petition for review that were not presented to the BIA.  First, he asserts that the IJ erred in considering his motion for withholding of removal as a request for withholding of removal rather than a request for cancellation of removal.  Second, he asserts that his counsel was ineffective during the proceedings before the IJ. This portion of Galvez-Colindres's petition for review is dismissed for lack of jurisdiction because Galvez-Colindres failed to pursue these issues before the BIA.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 (5th Cir. 2001).

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.