# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-60198

JUAN CARLOS CALDERON-DOMINGUEZ,
also known as, Carlos Calderon

Petitioner

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34 349 186

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Juan Carlos Calderon-Dominguez (Calderon) seeks review of the final order of the Board of Immigration Appeals (BIA) ordering his removal under § 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude ("CIMTs") that did not spring from a single course of criminal misconduct, to wit: his 1990 aggravated-felony drug conviction and his 1999 assault conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under Texas Penal Code § 22.01.[1]  For the following reasons, we deny his petition.

Calderon first contends that his Texas assault conviction did not constitute a CIMT warranting his removal.  He also asserts that the immigration judge (IJ) erred in concluding that he was ineligible for adjustment of status or cancellation of removal by virtue of his prior aggravated-felony drug conviction.

We review the order of the BIA; we will consider the underlying decision of the IJ only if it influenced the determination of the BIA.[2]  In the present case, the BIA adopted the decision of the IJ, so we must review the IJ's decision.[3]  "We must uphold the BIA's determination of what conduct constitutes moral turpitude for purposes of deportation if it is reasonable."[4]

We may "reach the merits of a criminal alien's petition for review if the petition raises constitutional claims or pure questions of law."[5]  Whether Calderon's assault conviction constitutes a CIMT warranting his removal is a purely legal question; we therefore have jurisdiction to review this issue.[6]

---

[1] TEX. PENAL CODE ANN. § 22.01(a).  A person commits an assault if he: "(1) intentionally, knowingly, or recklessly causes bodily injury to another, including [his] spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including [his] spouse; or (3) intentionally or knowingly causes physical contact with another when [he] knows or should reasonably believe that the other will regard the contact as offensive or provocative."

[2] Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002).

[3] See Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

[4] Hamdan v. I.N.S., 98 F.3d 183, 185 (5th Cir. 1996).

[5] Andrade v. Gonzales, 459 F.3d 538, 542 (5th Cir. 2006), cert. denied, 127 S. Ct. 973 (2007).

[6] See 8 U.S.C. § 1252(a)(2)(D); Rodriguez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005).

Further, we have jurisdiction to consider Calderon's legal challenge to the denial of his application for adjustment of status.[7]

Considering the record as a whole, the IJ did not err in finding that Calderon pleaded guilty to violating § 22.01(a)(1) and that such an offense constitutes a CIMT. The charging instrument stated that Calderon "intentionally, knowingly, and recklessly cause[d] bodily injury to: Maricruz Calderon, by choking the said Maricruz Calderon." It further provided that Maricruz Calderon was Calderon's wife.[8] Significantly, the language of the charging instrument tracked the statutory language of § 22.01(a)(1). Moreover, Calderon was convicted of a Class A misdemeanor, and only a conviction under § 22.01(a)(1) could give rise to a Class A misdemeanor in the instant case. A conviction under § 22.01(a)(2) is not a Class A misdemeanor, and a conviction under § 22.01(a)(3) typically is a Class C misdemeanor. A conviction under § 22.01(a)(3) may be elevated to a Class A misdemeanor under specified circumstances; however, the requisite aggravating factor, that the assault be committed against an elderly or disabled person, was lacking. As such, it is apparent that Calderon pleaded guilty to violating § 22.01(a)(1). More specifically, though, the record of conviction—namely the allegation in the charging instrument that Calderon choked Maricruz Calderon—supports a finding that Calderon pleaded guilty to intentionally assaulting his spouse.[9]

---

[7] See Guerra-Moya v. Winfrey, 170 F. App'x 358, 360 (5th Cir. 2006); see also Bravo v. Ashcroft, 341 F.3d 590, 592-93 (5th Cir. 2003).

[8] The Conditions of Supervision portion of Calderon's judgment also reveals that his spouse was the victim of his assault, as Calderon was ordered to participate in a Domestic Violence Treatment Program.

[9] During oral argument, the government suggested that we were limited to considering only the legal allegations included in the charging instrument. We believe this statement was made in error. We have recognized on numerous occasions that "a charging instrument may appropriately be referenced in order to determine which of several statutorily specified or referenced methods of committing an offense (or statutory subdivisions containing different offense definitions or elements) are involved in a given case." United States v. Villegas-

Thus, the BIA's determination that Calderon's assault conviction constituted a CIMT was reasonable.[10] As the record established that Calderon was convicted of two CIMTs that were not part of the same scheme, the IJ properly ruled Calderon deportable under § 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii).

We also reject Calderon's argument that the IJ erred in concluding that he was ineligible for adjustment of status or cancellation of removal by virtue of his prior aggravated-felony drug conviction. Notwithstanding the fact that Calderon's 1990 drug conviction was previously waived under § 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed), that offense remains viable as a factor to be considered for purposes of his eligibility for discretionary relief, and it continues to operate as an aggravated felony that statutorily precludes relief under § 212(h) of the INA, 8 U.S.C. § 1182(h).[11] Calderon's petition for review is DENIED.

---

Hernandez, 468 F.3d 874, 883 (5th Cir. 2006). See also Omari v. Gonzales, 419 F.3d 303, 308-09 (5th Cir. 2005) (considering the factual allegations in the indictment in determining the subsection of the statute to which the defendant pleaded guilty); United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004) (looking to the indictment "for the limited purpose of determining which of a series of disjunctive elements a defendant's conviction satisfies" (emphasis in original) (internal quotations omitted)); United States v. Landeros-Gonzales, 262 F.3d 424, 426 (5th Cir. 2001) (considering the defendant's criminal mischief indictment in determining the subsection of the statute to which he pleaded guilty). Here, the assault statute is divisible into three subsections. Moreover, the relevant subsection, § 22.01(a)(1), is further divisible, as it encompasses behavior that is intentional, knowing, and reckless. As such, we are entitled to consider evidence in the record of conviction bearing on the specific crime to which Calderon pleaded guilty, namely evidence that (1) Calderon choked the victim, which suggests an intentional act, and (2) the victim was his spouse.

[10] See, e.g., In re Tran, 21 I&N Dec. 291, 293-94 (BIA 1996); In re Fualaau, 21 I&N Dec. 475, 477-78 (BIA 1996); Grageda v. I.N.S., 12 F.3d 919, 921-22 (9th Cir. 1993); see also In re Perez-Contreras, 20 I&N Dec. 615, 617-19 (BIA 1992); Guerrero de Nodahl v. I.N.S., 407 F.2d 1405, 1406-07 (9th Cir. 1969).

[11] See In re Balderas, 20 I&N Dec. 389, 391 (BIA 1991); see also Molenda v. I.N.S., 998 F.2d 291, 294-95 (5th Cir. 1993).