# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60281
Summary Calendar

---

JAVID SHAHABI NAGHDI, also known as Gregorio Reynolds, also known as David Naghdi, also known as Khukon Reynolds, also known as Behrouz Mansouri

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A24 507 572

---

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javid Shahabi Naghdi, a native and citizen of Iran, has filed a petition for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an Immigration Judge's (IJ) order denying his special motion to reopen removal proceedings to seek a waiver of deportation under 8 C.F.R. § 1003.43.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 1003.44 permits aliens who meet certain requirements to seek relief from removal under the former § 212(c) of the Immigration and Nationality Act. However, the section specifically states, "A motion under this section will not be granted with respect to any conviction where an alien has previously been denied section 212(c) relief by an immigration judge or by the Board on discretionary grounds." 8 C.F.R. § 1103.44. Naghdi asserts that the IJ failed to weigh relevant factors in a meaningful way and therefore did not exercise discretion in denying Naghdi § 212(c) relief in 1997. Naghdi further asserts that, because the BIA did not rule on the issue, there is no final ruling that would bar relief under § 1003.44.

Naghdi has failed to show an abuse of discretion in the BIA's determination that the IJ denied Naghdi § 212(c) relief in the exercise of his discretion. See Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993). To exercise discretion, an IJ must balance "'the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented [o]n his behalf.'" Molenda v. INS, 998 F.2d 291, 295 (5th Cir. 1993) (quoting Matter of Marin, 16 I & N Dec. 581, 584 (BIA 1978)). Contrary to Naghdi's assertions, a review of the IJ's detailed opinion reveals that the IJ conducted such a balancing test. The IJ set out a detailed explanation of the testimony of Naghdi and the other witnesses, particularly as to the factors that might support granting a  waiver. In a separate section, the IJ set out the law governing § 212(c) relief.[1] The IJ then examined in detail Naghdi's credibility, an issue central to weighing the factors because of Naghdi's reliance

---

[1] Although the IJ's decision issued two days after the general effective date of the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), which included a provision eliminating 212(c) relief, the transitional rules for IIRIRA indicated that the new rules did not govern in the case of an individual, like Naghdi, who was in deportation proceedings as of April 1, 1997. See Pub. L. 104-208, title III, div. C, §§ 304(b), 309(a), 110 Stat. 3009-597, 3009-625.

primarily on his testimony to establish many of the facts underlying his claim for relief.  Having determined that Naghdi was not a credible witness, the IJ further determined that Naghdi withheld pertinent information on various aspects of his case, thereby failing to meet his burden of proof on his fitness for § 212(c) relief. Implicit in the IJ's findings is the weight that the IJ attributes to the facts underlying Naghdi's claims, the mechanics of the balancing test. Because a review of the record demonstrates that the IJ did, in fact, exercise discretion by balancing relevant factors, Naghdi has failed to show that the BIA abused its discretion when it determined that an IJ previously denied Naghdi § 212(c) relief in the exercise of his discretion and that, therefore, § 1003.44 precluded reopening the matter.  Accordingly, Naghdi's petition for review is DENIED.