IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60740

FREDERICO IBARRA DE HOYOS

Petitioner

v.

MICHAEL B MUKASEY

Respondent

Appeal from the United States Board of Immigration Appeals

Before KING, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:

In May 2000, petitioner Frederico Ibarra De Hoyos, a lawful permanent resident, was convicted of possession of marijuana in an amount greater than 50 pounds and less than 2000 pounds, a second degree felony under the Texas Controlled Substance Act, TEX. HEALTH & SAFETY CODE § 481.121(b)(5). In subsequent removal proceedings, an Immigration Judge granted De Hoyos's application for cancellation of removal under § 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a). Four years later, De Hoyos was twice convicted of theft in violation of Texas Penal Code § 31.03(b). In subsequent removal proceedings, the Immigration Judge ordered De Hoyos removed and denied his application for adjustment of status, reasoning, inter alia, that his

marijuana possession conviction remained "valid for immigration purposes." On August 24, 2007, the Board of Immigration Appeals affirmed the Immigration Judge's judgment. De Hoyos now petitions for review of the Board of Immigration Appeals's final removal order. For the following reasons, we deny his petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

De Hoyos, a native and citizen of Mexico, became a lawful permanent resident of the United States in 1993. On May 16, 2000, De Hoyos pled guilty to and was convicted of possession of marijuana in an amount greater than 50 pounds and less than 2000 pounds, a second degree felony under the Texas Controlled Substance Act, TEX. HEALTH & SAFETY CODE § 481.121(b)(5). Removal proceedings were commenced against De Hoyos. On April 24, 2001, an Immigration Judge ("IJ") granted De Hoyos's application for cancellation of removal under § 240A(a) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1229b(a).

De Hoyos was subsequently convicted of stealing several cases of beer on October 29, 2004 and December 10, 2004, in violation of Texas Penal Code § 31.03(b). On May 1, 2006, U.S. Immigration and Customs Enforcement ("ICE") commenced new removal proceedings. The Notice to Appear ("NTA") charged that De Hoyos was subject to removal based on two previous convictions for crimes of moral turpitude not arising out of a single scheme of conduct, violating § 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii). De Hoyos admitted to the theft convictions. On August 21, 2006, De Hoyos submitted an approved visa petition in support of his application for adjustment of status. At the hearing on this application, ICE's counsel requested that the IJ pretermit De Hoyos's application, arguing that De Hoyos could not obtain a waiver under INA § 212(h) for his May 2000 conviction for possession of marijuana despite his removal

having been cancelled. The prior cancellation of removal, counsel argued, did not erase the conviction.

On May 9, 2007, the IJ ordered De Hoyos removed and denied his application for adjustment of status. The IJ found De Hoyos inadmissible under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) (inadmissible due to a crime involving moral turpitude), and INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II) (inadmissible due to a controlled substance offense). Her grounds for denying relief centered mostly on a rejection of De Hoyos's claim that cancellation of removal in 2001 precluded consideration of his 2000 conviction in the current removal proceedings. Citing Matter of Balderas, 20 I. & N. Dec. 389 (BIA 1991), and this court's decision in Molenda v. INS, 998 F.2d 291 (5th Cir. 1993), the IJ stated that "the underlying conviction remains valid for immigration purposes." Therefore, De Hoyos was inadmissible under INA § 212(a)(2)(A)(i)(II) and was not entitled to adjustment of status.

On August 24, 2007, the Board of Immigration Appeals (the "BIA") affirmed the IJ's judgment, reasoning primarily that De Hoyos's previous marijuana conviction did not "disappear" from his record, regardless of the previous grant of cancellation of removal. De Hoyos timely filed a petition for review of the BIA's final removal order.

## II. STANDARD OF REVIEW

This court reviews de novo the BIA's resolution of questions of law, giving "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." Zhu v. Gonzales, 493 F.3d 588, 594 (5th Cir. 2007) (quoting Fonseca-Leite v. INS, 961 F.2d 60, 62 (5th Cir. 1992)). "[T]he court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A., Inc. v. Natural Resources Def. Council, 467 U.S. 837, 842–43 (1984). "[I]f the statute is silent or ambiguous with respect to the specific

issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."  Id. at 843.

This court reviews de novo constitutional claims presented in a petition for review of a decision of the BIA.  Danso v. Gonzales, 489 F.3d 709, 712 (5th Cir. 2007).

## III. DISCUSSION

A. De Hoyos's marijuana conviction and admissibility

Adjustment of status is a mechanism by which an alien's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."  8 U.S.C. § 1255(a).  A prerequisite for adjustment of status is that the applicant be "admissible to the United States for permanent residence."[1]  8 U.S.C. § 1255(i)(2)(A).    Before 1996, INA § 212(c) provided that "aliens lawfully admitted for permanent residence . . . may be admitted in the discretion of the Attorney General," hence providing grounds for the grant of discretionary relief for permanent residents who had committed certain crimes.  See Matter of Przygocki, 17 I. & N. Dec. 361, 362–63 (BIA 1980).  When Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546 (codified as amended in scattered sections of 8 U.S.C.), § 240A(a) replaced § 212(c) as the key provision

---

[1] 8 U.S.C. § 1255(i)(2) states in full:

(2) Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if—

(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and

(B) an immigrant visa is immediately available to the alien at the time the application is filed.

governing discretionary relief to aliens who have not been convicted of an aggravated felony.  It states:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>
> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>
> (3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a).  The plain language suggests that the Attorney General cancels removal itself, not the underlying conviction.  Furthermore, we note that there is no language that addresses the impact of a prior conviction and removal proceeding on a future removal proceeding.  Hence, the plain language is sufficiently unambiguous to conclude that De Hoyos's conviction may still be a factor that relates to admissibility when determining his application for adjustment of status.

The BIA correctly chose to be guided by the principles of its § 212(c) jurisprudence, a jurisprudence with which we have agreed in the past.  Balderas states that INA § 212(c) relief does not affect the underlying conviction.  20 I. & N. Dec. at 391.  In that case, Balderas was initially charged with deportability for having been convicted of two crimes involving moral turpitude (petty theft and being an accessory to a felony), though the deportation proceeding was terminated by a grant of relief under INA § 212(c).  Id. at 390–91.  When Balderas later committed another petty theft offense, the Immigration and Naturalization Service (the "INS") again charged him with deportability for having committed two crimes involving moral turpitude, only this time the new petty theft conviction was combined with the old conviction of being accessory to a felony.  Id.  The BIA held that the IJ could use his previous conviction of

being accessory to a felony in this new proceeding despite the previous grant of relief under § 212(c):

> [W]hen section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself. Instead, the Attorney General grants the alien relief upon a determination that a favorable exercise of discretion is warranted on the particular facts presented, notwithstanding the alien's excludability or deportability. Therefore, since a grant of section 212(c) relief "waives" the finding of excludability or deportability rather than the basis of the excludability itself, the crimes alleged to be grounds for excludability or deportability do not disappear from the alien's record for immigration purposes.

Id. at 391 (footnotes omitted). This court has agreed with this interpretation. First, in Molenda, we stated that:

> Balderas held that when section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself. The grant of a section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself. Therefore, the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes.

998 F.2d at 294 (citations omitted). Second, in Amouzadeh v. Winfrey, we approved of both Balderas and Molenda:

> A waiver under section 212(c) does not remove an aggravated felony conviction from an alien's record. The conviction still exists for purposes of section 240A(a) . . . . This court approved [of Balderas] in Molenda v. INS. Amouzadeh's aggravated felony conviction precludes cancellation of removal under section 240A(a).

467 F.3d 451, 458–59 (5th Cir. 2006) (citations omitted). Thus, a conviction that was the focus of a previous waiver under § 212(c) may still be a grounds of inadmissibility that statutorily precludes an alien's acquisition of § 212(h) relief in further removal proceedings. Furthermore, we agree with the IJ that "[a]lthough the Balderas decision applied to the predecessor of § 240A (former § 212(c)), the Board's rationale applies with equal force to the effect of cancellation of removal on an underlying conviction."

We thus deny De Hoyos's petition for review of the BIA's removal order on this ground.

B. De Hoyos's alleged deprivation of equal protection under the law

De Hoyos argues that he has been treated differently than other similarly situated legal permanent residents who have been granted cancellation of removal and are subject to admissibility criteria upon return after travel abroad. The only case that De Hoyos cites in support of this argument is Francis v. INS, 532 F.2d 268 (2d Cir. 1976), in which the Second Circuit found no rational basis for the availability of § 212(c) relief in exclusion proceedings against aliens attempting to enter the United States and not in deportation proceedings against aliens present in the United States. This court, however, has stated that there is no equal protection violation when a justification for differential limits on § 212(c) relief is not so "tenuous." See Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 309 (5th Cir. 1999). In Requena-Rodriguez v. Pasquarell, this court found that limits under the Antiterrorism and Effective Death Penalty Act on § 212(c) relief, 8 U.S.C. § 1105a(d) (repealed 1996), did not violate petitioner's right to equal protection when there was a rational basis for distinguishing between aliens being deported and those being excluded. Id. Citing LaGuerre v. Reno, 164 F.3d 1035, 1041 (7th Cir. 1998), this court stated that the "more lenient treatment of excludable as distinct from deportable aliens" stemmed from a Congressional desire to create an "incentive for deportable aliens to leave the country . . . without their having to be ordered to leave at the government's expense." Requena-Rodriguez, 190 F.3d at 309.

Furthermore, this court has found that aliens generally do not have a liberty interest in discretionary immigration relief. See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) ("Assaad's motion to reopen does not allege a violation of his Fifth Amendment right to due process because the failure to receive relief that is purely discretionary in nature does not amount to a

deprivation of a liberty interest." (internal quotation marks omitted)); Finlay v. INS, 210 F.3d 556, 557–58 (5th Cir. 2000) ("[T]he denial of discretionary relief does not rise to the level of a constitutional violation, even if [an alien] had been eligible for it."). Adjustment of status is clearly discretionary, as INA § 245 states that the Attorney General may adjust an alien's status "in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a); see also Flores-Ledezma v. Gonzales, 415 F.3d 375, 379 (5th Cir. 2005) ("The Attorney General has discretion to determine under which set of procedures the removal order is issued.").

Finally, though the existence of a liberty interest is not a "threshold inquiry" in an equal protection analysis, we need not even determine whether a liberty interest exists when we find "a rational basis for any distinction." Requena-Rodriguez, 190 F.3d at 309 n.34. In this case, a hypothetical alien who enters the country as a lawful permanent resident would still be subject to the commencement of removal proceedings for any deportable offense. 8 U.S.C. § 1227(a)(1)(B) ("Any alien who is present in the United States in violation of this chapter or any other law of the United States . . . is deportable."). In essence, a conviction would remain viable as a disqualifying ground of inadmissibility when the hypothetical alien applies for adjustment of status during the course of new removal proceedings against him. We thus reject De Hoyos's equal protection claim.

## IV. CONCLUSION

For the foregoing reasons, we DENY De Hoyos's petition for review.