REVISED NOVEMBER 23, 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60510
Summary Calendar

OLA PROPERTIES INC; AFISU OLABIMTAN,

Petitioners

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

Respondent

On Petition for Review of an Order of the
Department of Housing & Urban Development
HUD No. 05-040-CMP

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ola Properties, Inc. ("Ola"), and its President, Afisu Olabimtan, petition for review of an administrative decision of the United States Department of Housing and Urban Development ("HUD") imposing civil monetary penalties against them under 12 U.S.C. § 1735f-15(c). We deny the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Ola purchased Wynnewood Gardens Apartments, a multifamily property in Dallas, Texas, with the proceeds from a HUD loan. In January 1997, Olabimtan, as President of Ola, signed a regulatory agreement which imposed, inter alia, a duty to file annual financial statements in accordance with HUD's requirements. One of these requirements is that the financial statements be audited. Ola and Olabimtan were also subject to the civil money penalty statute, 12 U.S.C. § 1735f-15. Under that statute, HUD may impose civil penalties against mortgagors who "knowingly and materially" commit certain violations, including the failure to provide HUD with timely annual audited financial statements. See § 1735f-15(c)(1)(B)(x) (2000) (amended 2004). In November 2005, HUD issued an administrative complaint against Ola and Olabimtan for failure to timely file the required, audited statements for the fiscal years 1999–2003.[1] In March 2006, the HUD Administrative Law Judge ("ALJ") granted HUD's motion for summary judgment as to liability, but denied it as to the amount of the penalty. In June 2007, the ALJ granted HUD's supplemental motion for summary judgment, assessing penalties of $70,000 against Ola and $40,000 against Olabimtan. Petitioners requested a review by the Secretary of HUD, and the Secretary Designee adopted the ALJ's orders without change. Ola and Olabimtan now petition for review.

II

This Court has jurisdiction under 12 U.S.C. § 1735f-15(e), which provides for judicial review pursuant to 5 U.S.C. § 706 after the exhaustion of all

---

[1] Prior to 2002, the civil money penalty statute "applied only to mortgagors." Yetiv v. HUD, 503 F.3d 1087, 1089 n.1 (9th Cir. 2007). Therefore, Olabimtan was not penalized for pre-2002 violations.

administrative remedies.  Under § 706, agency action must be set aside if it is not supported by "substantial evidence," § 706(2)(E), or if it is "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law', or if the action failed to meet statutory, procedural, or constitutional requirements."  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 414 (1971) (quoting 5 U.S.C. § 706(2)(A), (B), (C), and (D)), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977).

## III

### A

Ola and Olabimtan present separate arguments on appeal.  Olabimtan argues first that the ALJ erred in finding that he knowingly and materially failed to timely file audited financial statements for the years in question.  According to Olabimtan, (1) his reports, though not audited, nonetheless met the requirements of the version of 12 U.S.C. § 1735f-15(c)(1)(B)(x) in effect at the time, and (2) his failure was not knowing.  Prior to the 2004 amendment, § 1735f-15(c)(1)(B)(x) required "a complete annual financial report based upon an examination of the books and records of the mortgagor prepared and certified to by an independent public accountant or a certified public accountant and certified to by an officer of the mortgagor . . . ."  Olabimtan contends that his reports, albeit unaudited, met these requirements because they were prepared by a certified public accountant and certified to by the owner.  HUD has interpreted former § 1735f-15(c)(1)(B)(x) to require audited statements, however.  See HUD Handbook 4370.2. Rev-1.  Because "'the statute is silent or ambiguous'" with respect to whether the statements must be audited, "'the question for the court is whether the agency's answer is based on a permissible construction of the statute.'"  De Hoyos v. Mukasey, 551 F.3d 339, 341 (5th Cir. 2008) (quoting

Chevron U.S.A., Inc. v. Natural Resources Def. Council, 467 U.S. 837, 842–43 (1984)). In our view, HUD's interpretation is consistent with a common-sense reading of former § 1735f-15(c)(1)(B)(x) and is entirely permissible. See Yetiv v. HUD, 503 F.3d 1087, 1089 (9th Cir. 2007) ("One of the violations for which civil penalties may be imposed is the failure to provide HUD with annual audited financial statements." (citing 12 U.S.C. § 1735f-15(c)(1)(B)(x))).

Olabimtan also argues, based on alleged deficiencies in HUD's evidence before the ALJ and HUD's failure to notify him of the requirements that the statements be audited and submitted electronically (which, he maintains, caused some of his filings to be late), that HUD did not establish that his failure to timely file audited reports was "knowing." "Knowingly" is defined in 12 U.S.C. § 1735-15 as "having actual knowledge of or acting with deliberate ignorance of or reckless disregard for the prohibitions under this section." § 1735-15(h). Olabimtan does not claim that he attempted to file audited reports, and we agree with the ALJ that Olabimtan's failure to familiarize himself with his obligations does not excuse his failure to meet them. Because the regulatory agreement signed by Olabimtan required that the annual financial report be prepared "in accordance with the requirements of the Secretary," the HUD Handbook clearly states the reports must be audited, and the electronic filing requirement is found in 24 C.F.R. § 5.801(b)(2), Olabimtan, at a minimum, acted with reckless disregard for the time and audit requirements of former § 1735f-15(c)(1)(B)(x).

Finally, Olabimtan argues that the penalty assessed against him is excessive under the factors listed in 24 C.F.R. § 30.80, particularly his ability to pay. The ALJ concluded that Olabimtan could pay the maximum penalty in light of his annual income over $100,000, his ability to obtain a $2,000,000 loan to pay off the mortgage on the Wynnewood Gardens property, and his failure to

4

prove otherwise, but expressly declined to apply the maximum penalty after considering several pertinent factors under 24 C.F.R. § 30.80. Olabimtan has presented no argument to convince us that his income and ability to raise money are not substantial evidence of his ability to pay the penalty imposed.

B

Ola argues that it would have submitted compelling evidence of its inability to pay the penalty assessed against it had it been represented by counsel, and requests that we remand the matter to the Secretary. See 12 U.S.C. § 1735f-15(e)(2) ("If any party demonstrates to the satisfaction of the court that additional evidence not presented at such hearing is material and that there were reasonable grounds for the failure to present such evidence at the hearing, the court shall remand the matter to the Secretary for consideration of such additional evidence."). According to Ola, it retained an attorney to represent it in this matter, but this attorney ceased contact with Ola and the ALJ in November 2005. After this time, Ola was represented by Olabimtan. Ola argues that Olabimtan, who is not a licensed attorney, could not represent Ola in the administrative process, and that the ALJ should have allowed Ola an opportunity to cure this "procedural defect." The ALJ's failure to do so, combined with the dereliction of Ola's attorney, Ola maintains, constitutes "reasonable grounds" for the failure to present its evidence of insolvency. Ola cites only cases from the litigation context, however, to establish that a corporation must be represented by a licensed attorney. The relevant regulation states only that all parties "may . . . [b]e accompanied, represented, and advised by a representative," and Ola provides no authority for the proposition that Olabimtan could not appear for his corporation. 24 C.F.R. 26.32(b)(1) (2008) (amended by Revision of Hearing Procedures, 73 Fed. Reg. 76,832, 76,841 (Dec.

5

17, 2008) (to be codified at 24 C.F.R. 26.36)). Furthermore, Ola was clearly aware of its right to counsel, but chose to be represented by Olabimtan for nearly two years after losing contact with its attorney. Although Ola (and its owner Olabimtan) may now regret the decision not to retain a lawyer, under these circumstances it has not established "reasonable grounds" for its failure to present evidence of its alleged insolvency.[2]

## IV

For the foregoing reasons, the petition for review is DENIED.

---

[2] Along the same lines, Ola has not presented "extraordinary circumstances" excusing its failure to present this argument before HUD. See 12 U.S.C. § 1735-15(h)(2) ("The court shall not consider any objection that was not raised in the hearing . . . unless a demonstration is made of extraordinary circumstances causing the failure to raise the objection.").