# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 08-60269
Summary Calendar

Charles R. Fulbruge III
Clerk

CHRISTOPHER ALEXANDER MITCHELL, also known as Glen Mitchell, also known as Christopher A Mitchell, also known as Christopher Mitchell, also known as Christopher R Mitchell, also known as Michael Remsem, also known as Oral Allan, also known as Chris Parker, also known as Christopoher Mitchell,

Petitioner

v.

ERIC H HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34 356 247

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Alexander Mitchell, a native and citizen of Guyana, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order finding him removable and ineligible for relief from removal. Mitchell abandons by failing to brief any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge to the IJ's determination that he was removable and not entitled to asylum. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Mitchell, who was convicted in April 2006 in state court for possession of crack cocaine and who has a prior state court drug conviction, contends that the IJ erred by treating his April 2006 conviction as equivalent to an aggravated felony under the recidivist provisions of the Controlled Substances Act. *See* 21 U.S.C. § 844(a). The IJ correctly determined that Mitchell had committed an aggravated felony for immigration law purposes. *See Carachuri-Rosendo v. Holder*, 570 F.3d 263, 266-68 (5th Cir. 2009), *cert. granted* (Dec. 14, 2009) (No. 09-60). Therefore, Mitchell was ineligible for cancellation of removal under 8 U.S.C. § 1229b. The issuance of a § 1182(c) waiver would not change this result. *See DeHoyos v. Mukasey*, 551 F.3d 339, 342-43 (5th Cir. 2008). Moreover, the federal notice requirement of 21 U.S.C. § 851 did not apply to the state court proceedings that resulted in Mitchell's second narcotics conviction. *See United States v. Cepeda-Rios*, 530 F.3d 333, 335 n.11 (5th Cir. 2008).

With respect to Mitchell's claims that several due process violations occurred during his removal proceedings, because those claims were not exhausted before the BIA, we lack jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Accordingly, Mitchell's petition for review is DENIED.