NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 11a0795n.06

No. 10-3527

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 29, 2011**

LEONARD GREEN, Clerk

| | |
|---|---|
| PAVEL KALBASS, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM A FINAL ORDER OF THE |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

Before:  MARTIN, GUY, and GRIFFIN, Circuit Judges.

BOYCE F. MARTIN, JR.  Pavel Kalbass, a Michigan resident represented by counsel, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Kalbass is a native and citizen of Romania.  He entered the United States in 1978 and became a lawful permanent resident in 1980.  In 1988, the Immigration and Naturalization Service placed Kalbass in deportation proceedings following his conviction for several theft offenses in 1987.  An IJ granted Kalbass a waiver of removability.  In 1997, Kalbass was convicted of receiving stolen property, and, in 2003, he was again placed in deportation proceedings because he had been convicted of two or more crimes involving moral turpitude.  In 2004, Kalbass applied for asylum, withholding of removal, and relief under the CAT, alleging that he had been persecuted in Romania because he was Hungarian and a gypsy.  The IJ denied Kalbass's application, concluding that he conceded his asylum application was untimely, that his testimony was not credible, and that he failed

to demonstrate entitlement to withholding of removal or relief under the CAT. The BIA affirmed the IJ's decision.

On appeal, Kalbass argues that the IJ and BIA erred in the following ways: (1) by concluding that he conceded his asylum application was untimely; (2) by concluding that he was removable based in part on his 1987 convictions for which he had previously received a waiver of removability; (3) by concluding that his testimony was not credible; and (4) by concluding that he failed to demonstrate entitlement to withholding of removal and relief under the CAT.

When the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review de novo questions of law involving immigration proceedings, and we review factual determinations under a substantial evidence standard. *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007). Under the substantial evidence standard, a factual determination will not be reversed unless "the evidence not only supports a contrary conclusion, but *compels* it." *Id.* (citation omitted).

The BIA properly concluded that Kalbass waived his claim that his asylum application was timely based on changed or extraordinary circumstances, *see* 8 U.S.C. § 1158(a)(2)(B), (D), because his counsel expressly acknowledged to the IJ that she was not alleging that such circumstances existed to excuse the untimely filing. *See Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008) (holding that the BIA may apply a waiver rule to issues not raised before the IJ). The BIA also properly concluded that Kalbass was removable based on his prior convictions, despite the fact that he received a waiver of removability following his 1987 convictions, because that waiver did not preclude future consideration of the offenses for immigration purposes. *See Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir. 1993); *Molenda v. INS*, 998 F.2d 291, 294-95 (5th Cir. 1993).

The adverse credibility determination was supported by substantial evidence, *see Khozhaynova v. Holder*, 641 F.3d 187, 193 (6th Cir. 2011), and the determination was based on issues that go to the heart of Kalbass's claim of persecution. *See Singh v. Ashcroft*, 398 F.3d 396, 402 (6th Cir. 2005). There were significant discrepancies between Kalbass's testimony and his

asylum application concerning his fear of his wife's extended family in Romania and of Romanian nationals who knew that he renounced his citizenship. There were also significant discrepancies between Kalbass's testimony and his supplemental statement concerning the details of harassment he allegedly endured as a truck driver. Given the adverse credibility determination and the lack of other evidence supporting Kalbass's claim that he would be persecuted or tortured if removed to Romania, he has not established that he is entitled to either withholding of removal or relief under the CAT. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009).

Accordingly, we deny the petition for review.