MATTER OF P—

In SECTION 5 Proceedings, Act of September 11, 1957

A-7749930

*Decided by Assistant Commissioner July 24, 1958*

A waiver granted under section 5, 6, or 7 of the Act of September 11, 1957, remains in full force and effect as to any subsequent entries by the alien if no new grounds of excludability have arisen and the alien is complying with the conditions imposed. (NOTE: The alien in this case is also the subject of Int. Dec. No. 928.)

APPLICATION: Waiver under section 5 of the Act of September 11, 1957, of excludability under section 212(a)(12) of the Immigration and Nationality Act.

This case has been certified to the Assistant Commissioner, Examinations Division.

Subject alien is a citizen of Mexico. She lives in El Paso, Texas, with her husband, who is a lawful permanent resident alien, and her 3 native-born United States citizen minor children. She has lived in the United States since 1944, when she was admitted for permanent residence on surrender of an immigrant visa. She engaged in prostitution in Mexico in 1941–1943.

On September 14, 1957, she went to Mexico but returned to her home in the United States the same day.

On April 21, 1958, the following final order was entered in her case in deportation proceedings:

It is ordered that pursuant to the discretion contained in section 5 of the Act of September 11, 1957, the alien be considered as having been lawfully admitted to the United States for permanent residence at El Paso, Texas, on September 14, 1957, notwithstanding her inadmissibility at that time as one who had engaged in prostitution (1941–1943), subject to revocation in the discretion of the Attorney General, after hearing, if the alien subsequently commits any offense.

On June 23, 1958, while visiting in Mexico and in advance of her application for re-entry to the United States, she applied in writing to a representative of the United States Immigration and Naturaliza-

1

tion Service stationed in Mexico City, Mexico, for a waiver of the same ground of excludability named in the above quoted order. There were no new material facts in her case. The application at once was denied as being unnecessary and the case certified to the Assistant Commissioner, Examinations Division, for review of the denial and for determination of the extent to which the principle involved should be applied.

The case illustrates this general question—

An alien is a permanent legal resident of the United States by virtue of the exercise of the discretion under section 5, 6 or 7 of the Act of September 11, 1957, to grant waivers of excludability or deportability. Such alien makes a temporary visit abroad. Must he, in connection with each such individual visit, apply for another waiver of excludability?

To require an alien who has been granted a waiver under section 5, 6 or 7 of the act to reapply on each re-entry after a temporary absence would constitute an undue burden, curtail the beneficial effects of this remedial legislation, and unduly hamper travel. It is concluded, therefore, that during such time as the order granting the waiver remains unrevoked, it be regarded as in full force and effect as to any subsequent entries if no new grounds for excludability have arisen, and the alien is complying with the conditions under which the waiver was granted. In such circumstances, no new application for waiver of excludability is required.

The instant case meets these standards and the denial of her application was proper.

ORDER: The denial of the application of this alien for a waiver of excludability under section 5 of the Act of September 11, 1957, is approved.

2