## MATTER OF MASCORRO-PERALES

### In Deportation Proceedings

### A-10720396

### *Decided by Board May 15, 1967*

An unconditional *nunc pro tunc* waiver under section 212(g) [now section 212 (h)], Immigration and Nationality Act, as amended, of the ground of exclud ability based on respondent's 1959 conviction of theft, granted in 1961 at a time when he stood convicted of only one offense did not preclude the subse-quent use of such crime to establish deportability under section 241(a)(4) of the Act based on conviction of two crimes involving moral turpitude when respondent thereafter was convicted in 1965 of a second offense involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes after entry, to wit, theft under $50, and child molesting.

ON BEHALF OF SERVICE: R. A. Vielhaber
Appellate Trial Attorney
(Oral argument)

Stephen M. Suffin
Trial Attorney
(Brief submitted)

The Government appeals from a decision by the special inquiry officer, finding respondent not deportable as charged and terminating proceedings.

Respondent is a 28-year-old male alien, native and citizen of Mexico, a widower and the father of five United States born children. He was lawfully admitted to the United States for permanent residence at El Paso, Texas on or about June 22, 1959. On September 29, 1959, he was convicted of the offense of theft under $50, in the County Court at Law No. 2, El Paso County, Texas and sentenced to 90 days in the County Jail. This conviction, although for a crime involving moral turpitude and committed within three months after entry, did not render respondent deportable under section 241(a)(4) because he was not sentenced to confinement for a year or more.

From the time of respondent's admission until sometime in 1962, he

228

lived in El Paso and made many one-day trips across the border to Juarez, Mexico. The Government concedes that these trips come within the holding in *Rosenberg* v. *Fleuti*, 374 U.S. 449, and that respondent did not make an entry on each return. However, in May 1962, prior to the *Fleuti* decision (June 17, 1963), respondent was made the subject of deportation proceedings, charged with being deportable for having been excludable at the time of his last entry in June 1961 as one convicted of a crime involving moral turpitude (section 212(a)(9)). This was based on the 1959 theft conviction. That crime, under the Texas statute, has been held not to be classifiable as a petty offense because the maximum sentence that may be imposed is imprisonment for up to two years (*Matter of H—*, 6 I. & N. Dec. 435).

At the deportation hearing, respondent applied for a *nunc pro tunc* waiver of excludability under section 212(g) (now section 212(h)). The special inquiry officer found that the required extreme hardship to respondent's citizen wife (who died in 1965) and his several citizen children would be present if respondent were deported, and granted the waiver in the exercise of discretion. The record shows that the special inquiry officer, in granting the waiver, did not provide for revocation if a subsequent crime were committed, a condition usually attached to this and similar waivers (c.f. *Matter of P—*, 10 I. & N. Dec. 1; *Matter of P—*, 7 I. & N. Dec. 713; *Matter of G—A—*, 7 I. & N. Dec. 274, etc.).

On August 2, 1965, respondent was convicted in the Superior Court of the State of California, County of Los Angeles, of the felony defined in section 288 of the Penal Code of California (Crimes Against Children: Lewd and Lascivious Acts), and was sentenced to the term prescribed by law, which he is presently serving at San Quention. (It has been determined that this is a crime involving moral turpitude, *Matter of V—*, 7 I. & N. Dec. 242.)

The second conviction, plus the 1959 conviction, form the basis of the charge under section 241(a)(4). From the record, it does not appear that respondent has ever been convicted of any other crime or crimes involving moral turpitude. The special inquiry officer terminated the deportation proceedings upon the following rationale:

It has been held that once a waiver of a ground of excludability based upon a criminal conviction is granted, deportation proceedings cannot thereafter be properly instituted using the same criminal conviction, unless the previous grant of relief has been revoked. *Matter of G—A—*, 7 I. & N. Dec. 274, and *Matter of T—*, 10 I. & N. Dec. 1. The crime of theft under $50 cannot, therefore, be utilized to support the charge in the present proceedings. * * *

We do not consider the cited cases to be proper or sufficient authority for the action taken by the special inquiry officer. In neither was the

fact situation nor the legal issue the same as in the case before us. *Matter of G—A—, supra,* concerned a long-time resident convicted of a single narcotics violation who, five years later, left the United States briefly and was readmitted without incident, and then, three or four years after his return, was made the subject of deportation proceedings upon the ground that he had been excludable at the time of that return. He applied, for a *nunc pro tunc* waiver of excludability under section 212(c). The special inquiry officer denied relief and ordered the alien deported, on the ground that although the requested waiver would make the alien's reentry legal, he would still be subject to deportation under section 241(a)(11) for the same conviction. We stated in that case:

> We believe that if 8 U.S.C. 1182(c) is exercised to waive a ground of inadmissibility based upon a criminal conviction, a deportation proceeding cannot thereafer be properly based upon the same criminal conviction unless, of course, the Attorney General has revoked the previous grant of relief. Since we agree with the special inquiry officer that the respondent's case is meritorious, we perceive no reason why the authority in 8 U.S.C. 1182(c) should not be exercised and, when relief has been granted in accordance with the authorization of Congress, it would be clearly repugnant to say that the respondent remains deportable because of the same conviction. * * *

We granted the waiver, subject to the condition that it might be revoked in the discretion of the Attorney General if the alien thereafter committed any crime. Our holding there was no more than an implementation of the waiver provision, necessary to make it an effective remedy. We ruled merely that if a single act can be the basis of both excludability and deportability, and excludability is waived by the Attorney General, then that act, without more, cannot be the basis of a deportation charge. We did not enunciate any ruling as to what significance the initial conviction would have if the alien were convicted of a second crime after the grant of the waiver.

*Matter of T—, supra,* dealt with a woman admitted for permanent residence in 1944, who went to Mexico for a day in 1957, and was made the subject of deportation proceedings as one who had been excludable on her return, for conduct engaged in prior to the initial admission as an immigrant in 1944. Deportation proceedings were terminated upon the granting to her of a *nunc pro tunc* waiver of inadmissibility, under the provisions of section 5 of the Act of September 11, 1957, the said waiver being subject to revocation in the discretion of the Attorney General if the alien should thereafter commit any offense. The alien, without having committed any other offense, returned to Mexico for a visit and prior to her return to the United States applied for a new waiver of the same ground of excludability. The application was denied as being unnecessary, and certified to the Assistant Commis-

·sioner of the Immigration and Naturalization Service, Examinations Division, who held:

To require an alien who has been granted a waiver under section 5, 6 or 7 ·of the act to reapply on each re-entry after a temporary absence would constitute an undue burden, curtail the beneficial effects of this remedial legislation, and unduly hamper travel. It is concluded, therefore, that during such time as the order granting the waiver remains unrevoked, it be regarded as in full force and effect as to any subsequent entries if no new grounds for excludability have arisen, and the alien is complying with the conditions under which the waiver was granted. * * *

Neither a subsequent offense nor a deportation proceeding was involved, the issue being solely one of whether a new waiver for the same ground of excludability had to be applied for in connection with each entry subsequent to the granting of the original waiver.

The position of the Government on appeal is essentially correct. Respondent was granted a waiver of excludability on the basis of a single conviction for crime involving moral turpitude, and that waiver has been honored. By the waiver, his 1961 return to the United States was legalized, and he was placed in the same situation as if he had not left the country. He was not deportable for having been excludable, and not deportable on the basis of the conviction itself. However, respondent has now become deportable because of his own act, because of his commission (and conviction of) a second crime involving moral turpitude. He is not deportable for having committed the original crime, but for having been convicted of two crimes, both involving moral turpitude.

We find nothing in either the statute or its legislative history to indicate that it was the intent of Congress, by providing such a waiver, to wipe the underlying crime from the records for immigration purposes (as is done by section 241(b) where there is an executive pardon or judicial recommendation against deportation), and to place the recipient of administrative grace in a status permitting his greater immunity for a subsequent crime than an alien who committed the same number and type of crimes but did not leave the country between convictions. Rather, from the manner in which such waivers and their predecessor provisions have been administered, and from the wording of the section here involved, it appears the waiver was intended to be one conditioned upon the good behavior of the alien, one which might be revoked if any subsequent crime or offense was committed. It is possible that the failure of the special inquiry officer to attach such a condition in 1962 was an oversight. Had there been a condition, and revocation, there would be no question that the first conviction could be used on this charge. However, even without a revocation, for the reasons set out above, we find that the waiver under section 212(g)

231

granted the alien in 1959 did not protect him from a future charge of deportability, based on conviction of two crimes involving moral turpitude, when he was convicted of an additional crime.

The decision of the special inquiry officer will be set aside and an order entered finding respondent deportable as charged.

**ORDER:** It is ordered that the decision of the special inquiry officer terminating these proceedings be and the same is hereby set aside.

*It is further ordered* that the respondent be deported from the United States to Mexico, on the ground contained in the order to show cause.