# Matter of Orlando FERNANDEZ TAVERAS, Respondent

*Decided June 21, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Section 101(a)(13)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(13)(C) (2006), which relates to returning lawful permanent residents seeking admission at a port of entry, is not applicable to an alien applying for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2006), who has the burden to prove admissibility to the United States.

(2) A lawful permanent resident who was granted cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2006), in prior removal proceedings based on a drug conviction has the burden to prove that he is not inadmissible on the basis of the conviction when applying for adjustment of status in a subsequent removal proceeding.

FOR RESPONDENT: Sandra Greene, Esquire, York, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jeffrey T. Bubier, Senior Attorney

BEFORE: Board Panel: GRANT, MALPHRUS, and CREPPY, Board Members.

GRANT, Board Member:

In a decision dated November 7, 2011, an Immigration Judge found the respondent removable on his own admissions under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii) (2006), as an alien convicted of two or more crimes involving moral turpitude, but granted his applications for adjustment of status and a waiver under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The respondent has replied in opposition. The DHS's appeal will be sustained, and the respondent will be ordered removed from the United States.

The respondent is a native and citizen of the Dominican Republic. He was admitted to the United States in 1978. In 2004, the respondent was granted cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2000), in removal proceedings that were based on his 1999 conviction for

possession of crack cocaine. Subsequently, the respondent was convicted of petit larceny in 2006 and again in 2008, giving rise to these removal proceedings.[1]

To be eligible for adjustment of status, the respondent must show, inter alia, that he is admissible to the United States. In determining the respondent's admissibility, and thus his eligibility for adjustment of status, the Immigration Judge concluded that pursuant to section 101(a)(13)(C)(v) of the Act, 8 U.S.C. § 1101(a)(13)(C)(v) (2006), the respondent's grant of cancellation of removal in prior removal proceedings precluded consideration of his drug possession conviction.[2] He therefore held that the respondent was not inadmissible and granted his applications for relief.

We conclude that the Immigration Judge erred in his interpretation of the law. Specifically, we hold that section 101(a)(13)(C)(v) is inapposite to the situation of a lawful permanent resident, such as the respondent, who was granted cancellation of removal after the commission of an offense identified in section 212(a) of the Act and later seeks to apply for adjustment of status in new removal proceedings after being found removable.

Section 101(a)(13)(C) of the Act provides that an alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States unless certain conditions apply. *Matter of Rivens*, 25 I&N Dec. 623 (BIA 2011); *Matter of Collado*, 21 I&N Dec. 1061 (BIA 1998). One of those conditions involves the commission of "an offense identified in section 212(a)." Section 101(a)(13)(C)(v) of the Act. The purpose of section 101(a)(13)(C) is to regulate the circumstances under which returning lawful permanent residents may reenter the United States, upon inspection, without being classified as applicants for admission. *Matter of Collado*, 21 I&N Dec. at 1065. Thus, under section 101(a)(13)(C)(v), a lawful permanent resident who has committed one of the specified offenses is considered to be seeking admission upon return from a trip abroad, unless he or she received a waiver under section 212(h) or a grant of cancellation of removal under section 240A(a) after the offense was committed.

---

[1] The respondent has numerous other convictions, both before and after his grant of cancellation of removal in 2004.

[2] Section 101(a)(13)(C)(v) of the Act provides as follows:

> An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien—
>
> . . .
>
> (v) has committed an offense identified in section 212(a)(2), unless since such offense the alien has been granted relief under section 212(h) or 240A(a) . . . .

Section 101(a)(13)(C)(v) is inapplicable in this case. As we emphasized in *Matter of Rivens*, 25 I&N Dec. at 624-26, a returning lawful permanent resident does not bear the burden to prove his or her admissibility. Rather, the DHS bears the burden to establish by clear and convincing evidence that one of the six "exceptions" clauses in section 101(a)(13)(C) applies. In *Vartelas v. Holder*, 132 S. Ct. 1479 (2012), the Supreme Court held that an alien whose offense preceded the enactment of section 101(a)(13)(C)(v) cannot be subject to its provisions, emphasizing the longstanding rule of *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), that returning lawful permanent residents would not be subject to exclusion proceedings in the absence of a meaningful interruption of their residence. While we held in *Matter of Collado*, 21 I&N Dec. at 1064-66, that section 101(a)(13)(C) abrogated the *Fleuti* doctrine, *Matter of Rivens* established that returning lawful permanent residents do not bear the burden of proof to establish that they are not inadmissible. Therefore, if the DHS does not meet its burden of proof, such an alien is not regarded as an applicant for admission.

The burden of proof is precisely the opposite for an alien seeking adjustment of status, whether a lawful permanent resident or not. *See* section 240(c)(4)(A)(i) of the Act, 8 U.S.C. § 1229a(c)(4)(A)(i) (2006) (providing that an "alien applying for relief . . . from removal has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements"); *see also* section 245(a) of the Act, 8 U.S.C. § 1255(a) (2006) (providing that an alien must be "admissible to the United States for permanent residence" to be eligible for adjustment). Such an alien also is an applicant for admission. *See Matter of Koljenovic*, 25 I&N Dec. 219, 221 (BIA 2010) (explaining why adjustment of status is an admission even though it is not included in the definition of the term "admission" in section 101(a)(13)(A)).

Nothing in section 101(a)(13) of the Act impacts the burden of proof placed on an applicant for adjustment by sections 240(c)(4)(A)(i) and 245(a). Nor is there any indication that in enacting section 101(a)(13)(C)(v), Congress intended to alleviate that burden of proof for certain lawful permanent residents, yet retain it for those who are not permanent residents. Section 101(a)(13)(C)(v) addresses the situation of a lawful permanent resident who is returning from a trip abroad and is not in removal proceedings. Section 245(a) addresses the quite different circumstance of an alien who was previously admitted to the United States and is seeking a form of discretionary relief. The disparity between the two circumstances is clear, and the structure of the relevant statutory provisions reflects this reality.

Because these statutory provisions address different situations, section 101(a)(13)(C), which relates to aliens seeking admission at a port of entry, is not applicable to aliens who are already in the United States applying for adjustment of status. Thus, although the respondent would not be considered

an applicant for admission because he was granted cancellation of removal with respect to his drug conviction, section 101(a)(13)(C)(v) does not prevent his conviction from rendering him inadmissible for purposes of adjustment of status. Section 101(a)(13)(C)(v) allows an alien who was granted cancellation of removal to travel abroad and back as a lawful permanent resident, and without it, the grant alone would not fully provide the intended relief. However, this provision has no effect on the burden of proof requirements of section 245(a) of the Act.[3]

The Immigration Judge's decision also contradicts the rule that a waiver of inadmissibility or deportability waives only the ground charged, but not the underlying basis for removability, which in this case is the respondent's drug conviction. *See Matter of Balderas*, 20 I&N Dec. 389 (BIA 1991). The enactment of section 101(a)(13)(C) has no effect on this longstanding principle. Therefore the respondent's drug conviction can still have immigration consequences even though he was granted cancellation of removal in prior immigration proceedings premised on that conviction.

For these reasons, we conclude that section 101(a)(13)(C)(v) of the Act does not relieve the respondent of his burden to show that he is admissible in order to establish eligibility for adjustment of status. The respondent's drug possession conviction clearly renders him inadmissible under section 212(a)(2)(A)(i)(II) of the Act, so he is not statutorily eligible for adjustment of status. Furthermore, a section 212(h) waiver is not available to the respondent because his conviction related to possession of crack cocaine.[4] Accordingly, the DHS's appeal will be sustained and the respondent will be ordered removed from the United States.

**ORDER:** The appeal of the Department of Homeland Security is sustained, and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to the Dominican Republic.

_____

[3] There is no incongruity between section 101(a)(13)(C)(v) of the Act and the requirement in section 245(a) that an alien must show he is admissible to be eligible for adjustment of status. Even if the Immigration Judge were correct that the respondent cannot be considered "an applicant for admission" because of section 101(a)(13)(C)(v)—a proposition that we reject—the plain terms of section 245(a) require the respondent to establish that he "is admissible to the United States for permanent residence." The effect of the Immigration Judge's decision is to read that language out of the statute.

[4] Given our resolution of this case, it is not necessary for us to address whether the respondent has established that he warrants relief in the exercise of discretion if he were eligible for a section 212(h) waiver.