# Matter of Bernardita Maria VOSS, Respondent

*Decided October 8, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

If a criminal conviction was charged as a ground of removability or was known to the Immigration Judge at the time cancellation of removal was granted under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2018), that conviction cannot serve as the sole factual predicate for a charge of removability in subsequent removal proceedings.

FOR RESPONDENT: Philip James Hunter, Esquire, Baton Rouge, Louisiana

BEFORE: Board Panel: ADKINS-BLANCH, Deputy Chief Appellate Immigration Judge; KELLY and COUCH, Appellate Immigration Judges.

KELLY, Appellate Immigration Judge:

In a decision dated November 20, 2019, an Immigration Judge found the respondent removable under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2018), as an alien convicted of violating a law relating to a controlled substance, and ordered her removed from the United States.[1] The respondent has appealed from that decision. The appeal will be sustained and the proceedings will be terminated.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Costa Rica who adjusted her status to that of lawful permanent resident on October 21, 1988. She was convicted on November 6, 2013, of several drug offenses, for which she was charged with inadmissibility under section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2012), as an alien convicted of violating a law relating to a controlled substance. In a decision dated December 8, 2014, an Immigration Judge found the respondent inadmissible as charged and granted her application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2012).

---

[1] The Immigration Judge incorporated by reference a prior decision dated October 2, 2019, in which he determined the issue of the respondent's removability and denied her motion to terminate the proceedings.

Subsequently, on January 24, 2019, the respondent was convicted of bank fraud and exploitation of the infirmed under Louisiana law. As a result, the Department of Homeland Security ("DHS") commenced removal proceedings against her for the second time, charging that she is removable under sections 237(a)(2)(A)(ii) and (iii) of the Act, as an alien convicted of multiple crimes involving moral turpitude and an aggravated felony fraud offense. Based on her 2013 controlled substance conviction, she was also charged with being removable as an alien convicted of an aggravated felony drug offense and of a violation of a law relating to a controlled substance under section 237(a)(2)(B)(i) of the Act. The Immigration Judge declined to sustain the charges relating to aggravated felonies and crimes involving moral turpitude.[2]

However, the Immigration Judge sustained the charge of removability under section 237(a)(2)(B)(i) of the Act on the basis of the respondent's 2013 conviction for offenses relating to controlled substances. Citing *Medina v. INS*, 993 F.2d 499, 504 (5th Cir. 1993) (per curiam), he held that the doctrine of res judicata does not preclude the DHS from charging the respondent with removability under section 237(a)(2)(B)(i) based on the same conviction that provided the basis for the previous finding of inadmissibility under section 212(a)(2)(A)(i)(II).[3]

## II. ANALYSIS

The issue presented in this case is what effect, if any, a grant of cancellation of removal under section 240A(a) of the Act has on the future immigration consequences of an alien's conviction. Cancellation of removal under section 240A(a) is a form of discretionary relief available to certain lawful permanent residents, which was enacted by section 304(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-594. It is the "successor" to the waiver provided by former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). *See, e.g.*, *Matter of Campos-Torres*, 22 I&N Dec. 1289, 1296 (BIA 2000) (Grant, concurring); *see also De Hoyos v. Mukasey*, 551 F.3d 339, 341 (5th Cir. 2008) (per curiam). Absent a statute or case law

---

[2] Since the DHS has not challenged the Immigration Judge's finding, we consider any issues in this regard to be waived. *See, e.g.*, *Matter of A.J. Valdez and Z. Valdez*, 27 I&N Dec. 496, 496 n.1 (BIA 2018) (noting that an issue addressed in an Immigration Judge's decision is waived when a party does not challenge it on appeal).

[3] Although sections 212(a)(2)(A)(i)(II) and 237(a)(2)(B)(i) of the Act contain additional requirements, both provisions relate to aliens who have been convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."

to the contrary, the jurisprudence regarding section 212(c) relief generally applies with "equal force" to cancellation of removal. *De Hoyos*, 551 F.3d at 343; *see also Taveras v. Att'y Gen. of U.S.*, 731 F.3d 281, 288 (3d Cir. 2013).

Former section 212(c) of the Act was enacted by the Immigration and Nationality Act of 1952, ch. 477, 66 Stat. 163, and was preceded by a similar provision in the 7th proviso to section 3 of the Immigration Act of February 5, 1917, ch. 29, 39 Stat. 874, 878. A section 212(c) waiver is an unconditional form of relief that "fully returns an alien to the same lawful permanent resident status previously held." *Matter of Gordon*, 20 I&N Dec. 52, 55 (BIA 1989) (citing *Matter of Przygocki*, 17 I&N Dec. 361 (BIA 1980)). Thus, "a grant of section 212(c) relief serves to preserve [an alien's] lawful permanent resident status in the United States notwithstanding the specified offenses found by [an Immigration Judge] to render the [alien] deportable." *Id.* at 56.

It is well established that "the relief provided by section 212(c) is the waiver of a particular *ground* of exclusion or deportation, not a waiver of the particular offense which forms the basis for that ground of exclusion or deportation." *Matter of Esposito*, 21 I&N Dec. 1, 7 (BIA 1995); *see also Matter of Balderas*, 20 I&N Dec. 389, 391 (BIA 1991) (stating that "a grant of section 212(c) relief 'waives' the finding of excludability or deportability rather than the basis of the excludability itself"); *accord Molenda v. INS*, 998 F.2d 291, 294 (5th Cir. 1993).

Early in our adjudication of applications for section 212(c) relief, we rejected an Immigration Judge's determination that an otherwise deserving alien could not be granted a waiver of inadmissibility for a drug conviction because he would remain amenable to deportation on a comparable ground of deportability. *Matter of G-A-*, 7 I&N Dec. 274, 275 (BIA 1956) (relying on *Matter of L-*, 1 I&N Dec. 1, 6 (A.G. 1940), where the Attorney General granted the alien relief under the 7th proviso, holding that the nunc pro tunc waiver of inadmissibility precluded his prior conviction for a crime involving moral turpitude from rendering him deportable). In making that determination, we emphasized that if section 212(c) is "exercised to waive a ground of inadmissibility based upon a criminal conviction, a deportation proceeding cannot thereafter be properly instituted based upon the same criminal conviction." *Id.*

The rule established in *Matter of G-A-* continued to be recognized as a valid interpretation of the law. *See Matter of Mascorro-Perales*, 12 I&N Dec. 228, 230 (BIA 1967) (restating the ruling in *Matter of G-A-* "that if a single act can be the basis of both excludability and deportability, and excludability is waived by the Attorney General, then that act, without more, cannot be the basis of a deportation charge"); *see also Matter of Gordon*,

20 I&N Dec. at 56 (noting that an alien who has been granted section 212(c) relief "cannot again be charged with deportability based on the same criminal convictions already waived"); *cf. Matter of P-*, 10 I&N Dec. 1, 2 (Ass't Comm. 1958) (holding that "an alien who has been granted a waiver under [former] section 5, 6, or 7 of the [Act of September 11, 1957,]" need not apply for another waiver upon "any subsequent entries if no new grounds for excludability have arisen, and the alien is complying with the conditions under which the waiver was granted").

We have held that "section 212(c) relief remains valid indefinitely, unless new circumstances or previously undisclosed facts come to light which give rise to a new basis of excludability or deportability." *Matter of Balderas*, 20 I&N Dec. at 393. Furthermore, "once a waiver [is] granted as to excludability, it [is] granted as to deportability (and vice versa)." *Id.* at 392. Thus, an alien convicted of a single offense involving a controlled substance who has been granted a waiver under section 212(c) of the Act cannot thereafter be found to be removable solely on the basis of that conviction. *See Matter of G-A-*, 7 I&N Dec. at 275.

It is important to recognize, however, that an alien granted section 212(c) relief does not receive "a pardon or expungement of the conviction itself." *Matter of Balderas*, 20 I&N Dec. at 391;[4] *see also Molenda*, 998 F.2d at 294 (rejecting the alien's contention that his prior convictions were "forgiven" by a grant of section 212(c) relief). Although an alien whose inadmissibility for a criminal conviction has been waived cannot be charged with deportability based solely on the same conviction, "his prior crimes do not completely disappear from the record for immigration purposes." *Matter of Gordon*, 20 I&N Dec. at 56. For example, after relief has been granted, the alien's "prior convictions may also be considered by the [Immigration Judge] in a new deportation hearing with respect to issues of rehabilitation and discretion." *Matter of Balderas*, 20 I&N Dec. at 391 (citation omitted).

With regard to a grant of cancellation of removal under section 240A(a) of the Act, the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, has likewise held that where an alien's removability for conviction of a controlled substance offense is "cancelled"

---

[4] The alien in *Matter of Balderas* was initially granted relief under former section 212(c) of the Act after having been found deportable on the basis of convictions for two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. He was thereafter convicted of a third crime involving moral turpitude. In subsequent deportation proceedings, we sustained the same charge of deportability, holding that "a conviction which has once been relied upon in a charge of deportability may be alleged as one of the 'two crimes involving moral turpitude' in a second proceeding, even though the first proceeding was terminated by a grant of relief under section 212(c) of the Act, where the second crime alleged is a subsequent conviction or a conviction that was not disclosed in the prior proceeding." *Matter of Balderas*, 20 I&N Dec. at 393.

under this provision, the conviction remains on record for purposes of inadmissibility under section 212(a)(2)(A)(i)(II) in conjunction with a future application for adjustment of status. *De Hoyos*, 551 F.3d at 341–43. Relying on the rationale stated in *Matter of Balderas*, other circuits have applied its logic in similar cases involving cancellation of removal. *See, e.g.*, *Taveras*, 731 F.3d at 287 (listing cases), *aff'g Matter of Fernandez Taveras*, 25 I&N Dec. 834, 837 (BIA 2012) (stating that because "a waiver of inadmissibility or deportability waives only the ground charged, but not the underlying basis for removability," a lawful permanent resident's drug conviction could "still have immigration consequences" in a subsequent removal proceeding, "even though he was granted cancellation of removal in prior immigration proceedings premised on that conviction").

Given these considerations, we hold that if a criminal conviction was charged as a ground of removability or was known to the Immigration Judge at the time cancellation of removal was granted under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2018), that conviction cannot serve as the sole factual predicate for a charge of removability in subsequent removal proceedings. *See Matter of G-A-*, 7 I&N Dec. at 275; *cf. Matter of Balderas*, 20 I&N Dec. at 393 (basing a finding of deportability on an additional conviction in subsequent proceedings). Applying this holding, we conclude that the respondent's 2013 conviction for an offense relating to a controlled substance, for which she was granted cancellation of removal in 2014, cannot serve as the sole basis for the current charge of removability.

To hold otherwise would generally render nugatory the Attorney General's discretionary authority to "cancel removal in the case of an alien who is inadmissible" under section 240A(a) of the Act if, immediately following a grant of cancellation of removal, the DHS could commence new removal proceedings alleging only the same conviction as the basis for a similar ground of removability. *See Matter of G-A-*, 7 I&N Dec. at 275. While we recognize that the charge of removability under section 237(a)(2)(B)(i) of the Act is different from inadmissibility under section 212(a)(2)(A)(i)(II), we agree that "it would be clearly repugnant to say that the respondent remains deportable because of the same conviction. The fact that two different provisions of the Immigration and Nationality Act . . . are involved does not alter this result." *Id.* at 276.

Finally, we reiterate that none of the respondent's convictions have been "expunged" from her record by the grant of cancellation of removal. *Matter of Balderas*, 20 I&N Dec. at 391. Therefore, her past criminal history, in conjunction with any future convictions, may render her removable from the United States and ineligible for relief.

Our decision in this matter should not, in any way, be construed as condoning the respondent's criminal activity. Nonetheless, for the reasons

previously stated, we disagree with the Immigration Judge's finding that the respondent is now removable under section 237(a)(2)(B)(i) of the Act solely because of her 2013 conviction for offenses relating to controlled substances. Her inadmissibility under section 212(a)(2)(A)(i)(II) based on that conviction resulted in the grant of cancellation of removal she received in 2014, which, without more, now precludes a finding of deportability based on the same conviction. Accordingly, the respondent's appeal will be sustained, the Immigration Judge's decision will be vacated, and the proceedings will be terminated.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated and the removal proceedings are terminated.