**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2308
_____

ORLANDO FERNANDEZ TAVERAS,
a/k/a Orlando Fernandez,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A035-362-472)
Immigration Judge: Andrew R. Arthur
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(March 22, 2021)

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed: April 8, 2021)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Orlando Fernandez Taveras petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen and terminate removal proceedings. We will deny the petition.

I

The U.S. Department of Homeland Security (DHS) began removal proceedings against Fernandez Taveras, a citizen of the Dominican Republic, because he was twice convicted of petit larceny under New York law. Fernandez Taveras's counsel conceded that he was removable based on his convictions, admitting the offenses were crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). An immigration judge found Fernandez Taveras removable but granted his request for a waiver of inadmissibility and his application for adjustment of status. DHS appealed, and in 2012 the BIA reversed the immigration judge's decision and ordered Fernandez Taveras removed. *In re Fernandez Taveras*, 25 I. & N. Dec. 834 (B.I.A. 2012). In 2013, we denied Fernandez Taveras's petition to review the BIA's decision, and the Supreme Court denied certiorari in March 2014. *Taveras v. Att'y Gen.*, 731 F.3d 281 (3d Cir. 2013), *cert. denied sub nom. Fernandez-Taveras v. Holder*, 572 U.S. 1016 (2014) (mem.). DHS removed Fernandez Taveras to the Dominican Republic a little over a week later.

In September 2019, Fernandez Taveras moved to reopen and terminate his removal proceedings, seven years after the 90-day deadline to do so following the final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). He argued that the attorneys who

2

represented him in the earlier proceedings provided ineffective assistance of counsel by failing to contest that his New York petit larceny convictions were crimes involving moral turpitude. He claimed that his previous lawyers' mistake "only came to his attention after the Immigrant Defense Project informed him of the [BIA]'s decision in *Matter of Diaz-Lizarraga*, 26 I. & N. Dec. 847 (BIA 2016) and the Second Circuit Court of Appeals decision in *Obeya v. Sessions*, 884 F.3d 442 (2d Cir. 2018)." A.R. 53. The latter held that a New York petit larceny conviction was not a crime involving moral turpitude under the law that applied during Fernandez Taveras's deportation proceeding. *Obeya*, 884 F.3d at 444–46, 450 (declining to retroactively apply the BIA's newly expanded definition of a crime involving moral turpitude). Fernandez Taveras asked the BIA to equitably toll the deadline for moving to reopen because of the ineffective legal assistance he received, contending that he exercised due diligence in filing his motion "in a timely manner" after learning of his previous attorneys' error. A.R. 48, 61.

The BIA denied the motion to reopen, holding that Fernandez Taveras was not diligent enough to justify equitable tolling. It also held that it lacked jurisdiction to reopen his case *sua sponte* because he had left the country, citing *Desai v. Att'y Gen.*, 695 F.3d 267, 270–71 (3d Cir. 2012). This timely petition for review followed.

## II[1]

We agree with the BIA's diligence determination. "Due diligence must be exercised over the entire period for which tolling is desired." *Alzaarir v. Att'y Gen.*, 639

---

[1] We have jurisdiction to review the denial of the motion to reopen under 8 U.S.C. § 1252(a)(1). *Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006). The application of the

F.3d 86, 90 (3d Cir. 2011). "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* (quoting *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008)). Here, it is undisputed that Fernandez Taveras filed his motion seven years after the 90-day deadline, and he has not shown that he was diligent during that entire period. As the BIA noted, *Obeya* does not bind this Court, and Fernandez Taveras could have filed a motion to reopen that made the same arguments Obeya raised in his case before it was decided in 2018.

Fernandez Taveras also argues that the BIA erred by applying an incorrect, higher diligence standard and failed to fully consider the facts relevant to the diligence inquiry, such as his "status as a layman." Fernandez Taveras Br. 37–40. Although the BIA could have provided a more detailed diligence analysis, the correctness of its reasoning and its citation of relevant caselaw convince us that it applied the right legal standard without unfairly discounting Fernandez Taveras's lack of legal training. And even if it neglected the time Fernandez Taveras spent appealing his removal from 2012 to 2014, *see* Reply Br. 5, any error would be harmless given his inadequate diligence in later years. *See Li*

---

equitable tolling standard "to undisputed or established facts" is a legal question we consider de novo. *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272 (3d Cir. 2021) (quoting *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020)). Moreover, when the BIA declines to reopen a case *sua sponte*, we may exercise jurisdiction if: (1) the BIA relied on an incorrect legal premise, or (2) a BIA rule or settled course of adjudication establishes a general policy limiting the BIA's discretion. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017).

*Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011) (applying harmless error analysis in the immigration context).[2]

*     *     *

For the reasons stated, we will deny Fernandez Taveras's petition for review.

---

[2] Fernandez Taveras asks us to review several other claimed errors. But because he was not diligent in bringing his motion to reopen, we do not address them. To the extent Fernandez Taveras claims the BIA has acted arbitrarily by selectively considering other cases *sua sponte* without invoking the jurisdictional bar, that argument does not undermine the BIA's decision to apply controlling law in his case.